# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6933 | **DATE** | 11/30/2011 |
| **CASE TITLE** | Envision Healthcare, Inc. vs. Federal Deposit Insurance Corp. | | |

**DOCKET ENTRY TEXT**

The Federal Deposit Insurance Corporation's motion to stay Envision Healthcare, Inc's. claims pending the exhaustion of its administrative remedies [8] is granted.

■[ For further details see text below.]         Notices mailed by Judicial staff.

## STATEMENT

      Plaintiff Envision Healthcare, Inc. ("Envision") filed a complaint in the Circuit Court of Cook County against First Chicago Bank and Trust ("First Chicago") on July 6, 2011 seeking recovery for breach of contract, negligence and breach of duty of good faith and fair dealing. On July 8, 2011, the Illinois Department of Financial and Professional Regulation closed First Chicago and appointed the Federal Deposit Insurance Corporation ("FDIC") as receiver pursuant to 18 U.S.C. § 1821(c)(3)(A). As receiver, the FDIC assumed all rights, titles, powers and privileges of First Chicago. The FDIC removed the action to this court, and on October 11, 2011, moved to stay pending the exhaustion of administrative remedies. [Dkt. #8].

      According to the FDIC, before Envision may proceed in this case it must first present its claims for administrative review, and until this process is complete, the court must stay the present proceedings. Envision disagrees, claiming that administrative review is not a mandatory jurisdictional prerequisite under the Financial Institutions Reform, Recovery and Enforcement Act ("FIRREA"), 12 U.S.C. § 1821, and that the court may, at its discretion, decline the FDIC's request for a stay. Envision also claims that it would be prejudiced if the court entered a stay, and asks that it be allowed to engage in some, albeit limited, discovery.

      FIRREA requires compliance with an administrative claims review process for all claims asserted as part of a receivership lawsuit, and it sets forth the review procedures for this case. *See* 12 U.S.C. § 1821(d)(3)-(13); *Brown Leasing Co.* v. *Fed. Dep. Ins. Corp.*, 833 F. Supp 672, 673, 675 (7th Cir. 1993). Section 1821(d)(13)(D) limits judicial review of FIRREA claims except as provided by statute and "reaches all claims seeking payment from the assets of the affected institution; all suits seeking satisfaction from those assets; and all actions for the determination of rights vis-a-vis those assets." *Marquis* v. *Fed. Deposit Ins. Corp.*, 965 F.2d 1148, 1152 (1st Cir. 1992) (citation omitted). "FIRREA further provides that following the submission of a claim to the receiver in accordance with the prescribed procedures for claim determination, and allowance or disallowance of the claim by the FDIC, a claimant may . . . continue an action commenced [in federal court] before the appointment of the receiver, and then, at that time, 'such court shall have jurisdiction to hear such claim.'" *Fed. Dep. Ins. Corp.* v. *Glynn*, Nos. 91 C 3723, 91 C 3726, 1993 WL 413958, at *1 (N.D. Ill. Oct. 15, 1993) (quoting 12 U.S.C. § 1821(d)(6)(A)).

**STATEMENT**

Though FIRREA does not expressly require exhaustion of administrative remedies, courts have interpreted its provisions to mean that compliance with the administrative review process is mandatory. *See, e.g., Maher* v. *Fed. Dep. Ins. Corp.*, 441 F.3d 522, 525 (7th Cir. 2006); *Meliezer* v. *Resolution Trust Co.*, 952 F.2d 879, 882 (5th Cir. 1992); *Brown Leasing Co.,* 833 F. Supp. at 673, 675. In *Maher*, for example, the Seventh Circuit ruled that a claimant's failure to comply with FIRREA's administrative process deprived the district court of subject matter jurisdiction over the claim. 441 F.3d at 525. Similarly, the court in *Brown Leasing Co.* stated that FIRREA "requires compliance with an administrative claims review process" and "compliance with FIRREA's procedure is mandatory for all claims whether asserted as part of a pre- or post-receivership lawsuit." 833 F. Supp. at 673, 675 (citing *Marquis*, 965 F.2d at 1151). Rather than dismiss a pending lawsuit with leave to refile after administrative review is complete, "[g]enerally, a district court exercises it discretion and stays the proceedings to permit the exhaustion of the mandatory administrative claims review process." *Brown Leasing Co.*, 833 F. Supp. at 675 (internal quotation marks and citations omitted). Courts have also allowed a stay in discovery to limit the parties' litigation expenses while the administrative claims proceed. *See, e.g., Resolution Trust Corp.* v. *Cotten*, 790 F.Supp. 649, 650 (E.D. La. 1992).

Regardless of whether FIRREA explicitly requires this court to stay the present action, a stay is appropriate in light of FIRREA's purpose. Congress intended FIRREA's administrative process to provide an efficient and streamlined method for resolving claims against failed institutions in an effort to avoid lengthy litigation and conserve scarce judicial resources. *See Damiano* v. *Fed. Dep. Ins. Corp.*, 104 F.3d 328, 334 (11th Cir. 1997); *Marquis*, 965 F.2d at 1152. Envision's request to conduct written discovery while the FDIC concurrently reviews its claims is therefore "inconsistent with FIRREA's aim of the 'expeditious and fair' resolution of claims against failed institutions in federal receivership." *Damiano*, 104 F.3d at 334.

Also, contrary to Envision's contentions, it will not be prejudiced by a delay and may benefit from administrative review. As explained by the FDIC, if Envision's administrative

> claim is disallowed, it can simply continue with its litigation . . . On the other hand, if [Envision's] claim were to be allowed through the administrative claims review process, then both parties benefit because plaintiff will have obtained the requested relief and the parties will have avoided protracted and expensive litigation.

[Dkt. #13 at 4]. Rather than force the parties to engage in simultaneous proceedings, the prudent approach is to first allow the administrative review process to run its course. For these reasons, and in light of Congress's preference for administrative review, the FDIC's motion to stay Envision's claims pending the exhaustion of administrative remedies [dkt. #8] is granted.